522 So.2d 113 (1988)
Walton Needham SEILER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1304.
District Court of Appeal of Florida, Fifth District.
March 24, 1988.
*114 Charles R. Holloman of Charles R. Holloman, P.A., Ocala, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a conviction for grand theft.
Briefly stated, appellant was authorized by the county to conduct examinations for licensing qualification in its own behalf. At the same time he was an employee of the county. Before becoming the County Administrator in 1984, he had been a building inspector, the Director of Building and Zoning and the Chief Building Inspector. The fees charged for administering the examinations were kept by appellant and were not turned over to the county. Because of this, the state attorney charged appellant with theft.
The state attorney alleged that appellant criminally obtained money (the fees) from the county. Numerous witnesses testified for the state and a rather lengthy trial ensued to attempt to prove the state's attorney's allegations against appellant. It was amply shown and never denied that the county requested and authorized appellant to administer the exams. It was shown that he collected the fees and that he kept the money. It was never shown that it was ever expected of him, let alone required of him, to turn over the fees to the county, or that the county even had a right to the money. Although a former county commissioner said he "assumed any profit was turned in to the county," there is no evidence that there was such an expectation between appellant and the county. To the contrary, it was quite clear appellant was acting in a separate capacity in a private enterprise, just as had the current contractor for these services, a company called Block and Associates.
If the county wanted the fees then it should have made that clear. What is clear is that there was no county ordinance permitting the county to collect the fees, and what was to be done with them if collected. We have no knowledge regarding why these charges were brought and why this county employee was taken down the track he was taken, but the train stops here. His conviction is reversed because there is no proof of an essential element of the crime of grand theft; that being that the property he used or obtained belonged to the county. § 812.014(1), Fla. Stat. (1985).
Because of our above disposition we have no need to discuss the conduct of the trial attorney for the state who made improper inflammatory, reversible comments to the jury.
The judgment is reversed.
REVERSED.
SHARP, C.J., and COWART, J., concur.